G. L. MILLER v. STATE.

180 So. 16.

Division B.

Opinion Filed January 24, 1938.

*Bart A. Riley* and *Robert C. Lane,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

PER CURIAM.—This cause is before the Court on an extraordinary petition for a rehearing, the petition for a rehearing having previously been denied. The original assignment of error insisted upon here was that the lower court erred in denying the defendant's motion for a directed verdict at the conclusion of the receipt of evidence in the lower court. This Court gave due consideration to the adverse ruling in its original opinion filed in this cause. The petition for a rehearing suggested a reconsideration of the testimony given by witness Frances L. Napier. It was urged here that this Court had overlooked certain testimony given by this particular witness.

When the prosecution rested its case on the testimony of Frances L. Napier, who testified, among other things, about a visit to 115 Northeast First Street on December 21, 1936, and saw a man make a $2.00 bet with defendant Miller on a horse named M. J. Branham: "There was a sheet showing what odds would be on a horse * * * and the Harvey A. Junior Scratch Sheet. The two dollars went to Miller and he put it in his pocket." Witness on cross examination admitted he made a mistake in his testimony

to the effect that the horse's name was "Kerry Patch" and the bet was one dollar and made on December 23rd, 1936, at 2:35, and "the rest of the things are as I said." He "testified from the wrong notes." The jury heard the witness testify, observed his demeanor on the stand, his interest, and heard his statement about his error in giving testimony from the *wrong* note book, and it was the jury's duty to pass on the conflicting statements coming from the witness stand and the record shows sufficient testimony to sustain the verdict rendered.

It is contended that the burden of proof was on the prosecution to show agency between defendant and the person or persons owning the business where defendant worked and operated; that this proof must be established beyond a reasonable doubt and when the State failed to make or establish such proof then the court should have granted defendant's motion for a directed verdict. The statute under which defendant was convicted was considered by this Court in the case of McBride v. State, 39 Fla. 442, text p. 449, 22 Sou. Rep. 711, when it said:

"It is next contended that this statute makes a distinction between a principal and an agent, and that the defendant here was charged as principal, and could not be convicted when the proof showed that he kept and conducted the house as agent merely for other parties who were his principals, and that the court erred in excluding evidence offered to show that he acted only as agent in keeping and conducting the house for other parties. There is no merit in this contention. Section 2645 of the Revised Statutes, immediately following the one under which the information is laid, provides as follows: 'Whoever acts as servant, clerk, agent or employee of any person in the violation of the preceding section shall be punished in the manner and

to the extent therein mentioned.' The result of the two sections, taken together, is to make all parties concerned in the keeping of a gambling house *principals,* whether in the conduct of same the one acts as agent or clerk of another, or on his own behalf as principal. The first two sections makes the principal liable whether he conducts the establishment in person, or has it conducted for him by an agent, clerk, or servant. When conducted by an agent, clerk, or servant the second of the two quoted sections makes such agent, clerk, or servant a principal in the crime equally punishable with his employer, and it is not necessary to indict or charge him as agent, but he can be informed against as principal and convicted upon proof showing that he violated the law in the capacity of agent for another. It was not error, therefore, to exclude the proffered evidence tendered for the purpose of showing that the defendant acted as agent for other parties, since it furnished no defense whatever * * *"

We have given consideration to the different grounds stated in the extraordinary petition for rehearing and find no reason for a change in the original opinion previously entered in this cause. The extraordinary petition for a rehearing is, accordingly, denied. The original opinion entered herein is reaffirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.